## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD E. YUNKER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) NO. CIV-09-1079-D ) |
| DEPARTMENT OF THE AIR FORCE, | ) ) ) |
| Defendant. | ) ) |

### ORDER

Plaintiff, appearing pro se and *in forma pauperis*, has filed this action against the Department of the Air Force. Attached to the Complaint form is a document which, liberally construed, consists of Plaintiff's statement criticizing the Uniform Code of Military Justice and the operation of the military court system; Plaintiff asks " that the Federal Courts review the constitutionality of the Board Court Martial vis-a-vis the sixth amendment requirement for the jury trial." Complaint [Doc. No. 1], p. 3. Attached to the Complaint is a copy of the Bill of Rights to the United States Constitution.

The Court has reviewed Plaintiff's allegations and has determined that, as a matter of law, the Complaint must be dismissed pursuant to Rule 8(a) and Rule 12(b)(6) of the Federal Rules of Civil Procedure because it fails to set forth a short and plain statement of the grounds for jurisdiction, the claim for relief, and a demand for the relief sought; it also fails to state a claim upon which relief may be granted by this Court.

A pleading must, in addition to setting forth grounds for jurisdiction, provide the opposing party with fair notice of what the claim is and the grounds upon which it rests. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U. S. 308, 319 (2007). *Pro se* litigants are not relieved of the

obligation to allege sufficient facts to support a proper legal claim. *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). A district court may always dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6) "'when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Justice v. Oklahoma Dept. of Human Services Child Welfare,* 122 F. App'x. 938, 940 (10th Cir. 2004) (unpublished opinion) (quoting *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir.1991)). A "*sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts." *Curley v. Perry*, 246 F. 3d 1278, 1284 (10th Cir.2001).

Because Plaintiff appears *pro se*, his complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the court will not assume the existence of facts not alleged. *Whitney v. New Mexico*, 113 F. 3d 1170, 1173-74 (10th Cir. 1997). In this case, Plaintiff has not alleged an injury or harm for which he seeks relief; the Court does not have a duty to speculate regarding the harm claimed or the relief requested. *See, e.g., Calderon v. Kansas Dept. of Social and Rehabilitation Services*, 181 F. 3d 1180, 1184 (10th Cir. 1999).

The Constitution limits the jurisdiction of federal courts to cases and controversies. U. S. Const. art. III, § 2. "To establish a justiciable case or controversy, a plaintiff must demonstrate that he has 'suffered an injury in fact, that the injury is fairly traceable to the challenged action of the Defendants, and that it is redressable by a favorable decision.'" *Utah Animal Rights Coalition v. Salt Lake County* 566 F. 3d 1236, 1240 (10th Cir.2009) (quoting *Initiative and Referendum Institute v. Walker*, 450 F. 3d 1082, 1087 (10th Cir. 2006)). The Supreme Court has defined "injury in fact" as "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual

or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (quotations and citations omitted).

In this case, Plaintiff's general, amorphous allegations fail to satisfy the requirements outlined above. Plaintiff fails to meet the requirements of Rule 8(a); he fails to allege that he has been harmed as a result of any action by the defendant; and he asserts no harm that could be redressed by a favorable decision of this Court. Further, the general nature of Plaintiff's grievance – that the Uniform Code of Military Justice and the military court system it creates are unconstitutional – is not amenable to cure by amendment, as the constitutionality of the Uniform Code of Military Justice is firmly established. U. S. Const. art. I, § 8; *see also Parker v. Levy*, 417 U.S. 733 (1974)(military justice is a system separate and apart from the civilian system; constitutionality of the Code's General Article upheld); *see also United States v. Dowty*, 48 M.J. 102, 106 (C.A.A.F. 1998). The Court concludes that the allegations do not present a claim on which this Court may grant relief. Accordingly, the Complaint is DISMISSED.

IT IS SO ORDERED this 30th day of October, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE